**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

In re:

CLARENCE JAMES PRESTWOOD, &　　　　　　CASE NO.:  10-40102-LMK
PAMELA GAIL PRESTWOOD,

　　　　　　　　　　　　　　　　　　　　　　CHAPTER:  13

　　　Debtors.
_____/

**ORDER SUSTAINING CHAPTER 13**
**TRUSTEE'S OBJECTION TO CONFIRMATION**

　　　THIS MATTER came before the Court on Confirmation of the Debtors Second Amended Chapter 13 Plan (the "Plan, Doc. 45)[1] and a hearing was held on Confirmation on February 10, 2011.  The Trustee has objected to confirmation of the Plan (Doc. 52) on the grounds that the Debtors intentionally understated their monthly income and failed to commit their entire projected disposable income to the Plan.  Moreover, the Trustee objects to the Debtors' claimed expense for rent which is significantly more than the Local IRS Standards for a household of two (2).  The Debtors contend that they have correctly stated their income on the B-22C statement and that even though their rent expense is more than the IRS Local Standards, the Debtors' rent expense is not objectionable so long as it is not "objectively unreasonable."  This is a core proceeding and jurisdiction is proper pursuant to 28 U.S.C. §§ 151 and 157(b)(2)(L) (2011).

*Findings of Fact*

　　　The relevant facts to Confirmation of the Plan are undisputed.  Clarence J. and Pamela G. Prestwood filed a joint petition for relief under Chapter 13 of the Bankruptcy Code on February

---

[1] Debtors filed a Third Amended Chapter 13 Plan (Doc. 55) shortly after the Confirmation hearing held on February 10, 2011, which only slightly increased the Plan's base payments, and still suffers from the same fatal defects that the Second Amended Plan did.

1

9, 2010. The Debtors' Amended B-22C Official Form shows joint monthly wages of $4,581.67 and a pension/retirement monthly income of $1,325.00, thus creating a Current Monthly Income ("CMI") of $5,906.67. The CMI is calculated from the average of the Debtors' 6 months of income prior to filing of the Chapter 13 petition. The month before filing the petition, Mr. Prestwood received a raise from his employer, and his monthly wages were increased by $1,240 to a total of $5,615/month. Debtors' Amended Schedule I (Doc. 38) states gross wages in the amount of $6,000 and pension income in the amount of $1,334. The Debtors' total income classifies them as above-median Debtors. On the Debtors' Amended Schedule J (Doc. 42), the Debtors list a rent/mortgage expense of $1,750/month which exceeds the IRS Local Standard for rent/mortgage payments for a household of two (2) in Leon County, which is $943/month. The Debtors' Amended B-22C lists total expenses under the IRS Local Standards of $4,762/month with additional allowable expenses under 11 U.S.C. § 707(b) of $334/month.

In their Second Amended Chapter 13 Plan (Doc. 45), the Debtors propose to pay the Trustee $600 every month for 10 months and then $1,000 every month for the rest of the Plan term of 5 years. Thus, the base plan payments under the Debtors' proposed Plan totals $56,000 under the applicable commitment period of five (5) years.[2]

The parties' disagreement centers on two issues: (1) what figure – the CMI or the Debtors' actual current income - should be used to calculate the Debtors' "projected disposable income" in light of 11 U.S.C. § 1325(b)(1)(B), as well as (2) what is the proper expense to be used in determining the Debtors' rent expense – their actual rent expense or the IRS Local Standard amount?

The Debtors argue that their projected disposable income should be calculated by taking the CMI from their Amended B-22C Form less the allowed expenses from their B-22C Form. Thus,

---

[2] The Debtors' Third Amended Chapter 13 Plan increased the base plan payments to $60,900 over the life of the Plan.

2

the Debtors' Plan calculates a plan base of almost $61,000 based upon this analysis. In the alternative, the Debtors argue that if they are required to use their actual current income for their projected disposable income analysis, then their Amended Schedule J expenses can be used to calculate the base plan payments so long as their income minus those Schedule J expenses doesn't yield base plan payments less than the almost $61,000 as calculated by the B-22C.

The Chapter 13 Trustee argues that the Debtors' current actual income should be used to calculate the projected disposable income over the life of the Plan less the allowable IRS Local Standard expenses as provided for in the B-22C Form. Thus, the Trustee argues that the Debtors are limited to the IRS Local Standard expense of $943 for rent, and not their actual expense of $1,750, when determining 'projected disposable income.'

## *Conclusions of Law*

After the Bankruptcy Abuse Prevention And Consumer Protection Act of 2005 (BAPCPA) was passed, bankruptcy courts were faced with the issue of how to interpret the meaning of "projected disposable income" as used in 11 U.S.C. § 1325(b)(1). *See In re Purdy,* 373 B.R. 142, 145 (Bankr. N.D. Fla 2007). Section 1325(b)(1)(B) provides, in relevant part:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –
>
> (B) the plan provides that *all of the debtor's projected disposable income* to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1)(B) (emphasis added).

The Supreme Court addressed this exact issue in a recent opinion delivered by the Court in *Hamilton v. Lanning (In re Lanning)*, 130 S. Ct. 2464 (2010), where the Court rejected the "mechanical approach" of using the CMI calculated by the B-22C form in order to determine 'projected disposable income.' Instead, the Court opted for the alternative approach, where the bankruptcy court "may account for changes in the debtor's income or expenses that are known or vir-

3

tually certain at the time of confirmation." *In re Lanning*, 130 S. Ct. at 2478. The Supreme Court's decision in *Lanning* supported my analysis in *In re Purdy,* where I held that 'projected disposable income' "is a forward looking term that is calculated based on a Debtor's current projected income, not the historical average income for the six months prior to filing the petition [e.g. CMI]." *In re Purdy*, 373 B.R. at 152.

In the this case, applying the analysis of the Supreme Court from *In re Lanning,* as well as my own analysis from *In re Purdy*, the Debtors' projected disposable income should be calculated by taking their current projected income multiplied times the applicable commitment period. Thus, instead of looking solely at the historical CMI of the Debtors in order to arrive at their projected disposable income, the Court must look to the actual projected income that the Debtors currently receive and use that in order to ascertain the 'projected disposable income' for purposes of Plan confirmation.

The second issue that has been raised by the Trustee is the issue of what expenses are allowed to be used in determining the Debtors projected disposable income. Again, the Bankruptcy Code and a recent Supreme Court opinion offer an explicitly clear answer.

The Bankruptcy Code provides a means for calculating the "disposable income" of the Debtor. When contemplating confirmation of a Debtor's Chapter 13 Plan, "disposable income" "means current monthly income received by the debtor…less amounts reasonably necessary to be expended." 11 U.S.C. § 1325(b)(2) (2011). So as to leave no doubt as to what "amounts reasonably necessary to be expended" means with respect to an above-median Debtor, Congress, in Section 1325(b)(3) specified that "amounts reasonably necessary to be expended" "shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2) [i.e. the "Means Test"]." 11 U.S.C. § 1325(b)(3) (2011). The Means Test section states that "the debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the Na-

4

tional Standards and Local Standards…issued by the Internal Revenue Service ("IRS") for the area in which the debtor resides." 11 U.S.C. § 707(b)(2)(A)(ii) (2011). Just as I stated in *In re Purdy*, "these fixed standards limit judges' discretion in deciding what expenses debtors can take." *In re Purdy*, 373 B.R. at 146. Thus, the Code cogently defines how to calculate the 'disposable income' of a Chapter 13 debtor for purposes of confirmation.

Again, the Supreme Court reinforced my analysis as sound in another recent opinion delivered by the Court. *See Ransom v. FIA Card Services, N.A. (In re Ransom)*, 131 S. Ct. 716 (2011). In *Ransom*, the Court, analyzing Section 1325(b)(2)(A), stated that "for a debtor whose income is above the median for his State, the means test identifies which expenses qualify as 'amounts reasonably necessary to be expended.'" *In re Ransom*, 131 S. Ct. at 721-22. Besides simply restating the applicable Code provision in *Ransom,* the Court went further and stated that even "if a debtor's actual expenses exceed the amounts listed in the [IRS Local Standards] tables, for example, the debtor may claim an allowance *only for the specified sum, rather than for his real expenditures*." *In re Ransom*, 131 S. Ct. at 727 (emphasis added). Thus, a Debtor is only permitted to take the applicable expense up to the IRS Local Standards amount even if he is paying well over the Local Standards amount.

In this case, the Debtors claim on their Amended Schedule J (Doc. 42) a rental expense in the amount of $1,750. The IRS Local Standard amount for a rental expense for a family household of two (2) is $943. Under the Supreme Court's reasoning in *In re Ransom*, for purposes of calculating the Debtors' 'projected disposable income,' the Debtors in this case are only permitted to claim the $943 expense deduction even though they are paying $1,750. *See In re Ransom,* 131 S. Ct. at 727.

An argument could be made under the Supreme Court's language in *In re Lanning*, that since a bankruptcy court is permitted to "account for changes in the debtor's income or expenses that

5

are known or virtually certain at the time of confirmation," that *Lanning* permits the bankruptcy court to consider changes in expenses and thus allow for expense deductions greater than the IRS Local Standards. *In re Lanning,* 130 S. Ct. at 2478. This argument is not persuasive. The Court's statement that a bankruptcy court may consider changes in expenses does not contradict the relevant language of the Code found in § 1325(b). Instead, the Court most likely was referring to subpart B of the B-22C Form that allows Debtors to list additional living expenses that are not contained in the Local IRS Standards such as taxes, health insurance, or disability insurance. Therefore, a bankruptcy court does have discretion to "account for changes in the debtor's…expenses" when those expenses are of the type found in subpart B of the B-22C Official Form.

*Conclusion*

In light of the relevant Code provisions, previous opinions from this Court, and two recent Supreme Court decisions, I find that the Plan in this case is defective and cannot be confirmed. As I have previously stated, a Chapter 13 Debtor's "projected disposable income," as calculated by the B-22C Form (i.e. using the CMI), "will be presumed accurate unless the debtor or trustee can show that the numbers contained in Form B-22C do not reflect a fair projection of the debtor's budget into the future because the debtor has experienced a substantial change in circumstances." *In re Purdy*, 373 B.R. at 152.

Here, the Trustee has rebutted the presumption that the B-22C income and expense calculations do not reflect an accurate projection of the Debtors' budget into the future for the applicable commitment period. Instead, the Trustee has demonstrated that the Debtors' actual projected income is much higher than what is provided for in the Debtors' Amended B-22C Form. Moreover, the Code does not allow the Debtors to use their actual rent expense of $1,750 when calculating what their 'disposable income' is, but rather, the Debtors must use the Local Standards

6

provided by the IRS for a family of two which is $943.  Thus, the Debtors can provide additional distribution to their unsecured creditors above what is provided for in the Plan because the Plan does not provide for the Debtors' entire projected disposable income to be applied to make payments to their unsecured creditors, as required by § 1325(b)(1)(B).  Therefore, the Plan is not confirmable.

Accordingly, it is hereby ORDERED and ADJUDGED that

1) The Trustee's Objection to Confirmation of the Second Amended Plan (Doc. 52) is SUSTAINED.

2) Confirmation of the Debtors' Second Amended Plan is DENIED.

DONE and ORDERED in Tallahassee, Florida this  18   day of March, 2011.

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc:  all parties in interest